UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI LYNN HAGUE,<br><br>Plaintiff,<br><br>-against-<br><br><br><br>LYONS, DOUGHTY & VELDHUIS, PC,<br><br>Defendant. | Civil Case Number:<br><br><u>**CIVIL ACTION**</u><br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff LORI LYNN HAGUE (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through the undersigned attorneys, against Defendant LYONS, DOUGHTY & VELDHUIS, PC (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

<u>**INTRODUCTION/PRELIMINARY STATEMENT**</u>

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a law firm with its principal office located at 136 Gaither Drive, Suite 100, Mount Laurel, NJ 08054.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to February 26, 2018, an obligation was allegedly incurred to CAPITAL ONE BANK (USA), N.A.

15. The alleged CAPITAL ONE BANK (USA), N.A. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged CAPITAL ONE BANK (USA), N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. CAPITAL ONE BANK (USA), N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the CAPITAL ONE BANK (USA), N.A. debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. CAPITAL ONE BANK (USA), N.A. directly or through an intermediary contracted the Defendant to collect the alleged debt.

21. On or about February 26, 2018, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged CAPITAL ONE BANK (USA), N.A. debt.

22. On March 23, 2018, the undersigned sent a letter of representation and dispute to the Defendant. *See* **Exhibit A**.

23. On or about May 16, 2018, the undersigned received information from the Defendant regarding the alleged CAPITAL ONE BANK (USA), N.A. debt.

24. On May 11, 2018, the Defendant filed a complaint against the Plaintiff on behalf of CAPITAL ONE BANK (USA), N.A. seeking judgment for the alleged amount due.

25. Defendant provided the court with Plaintiff's home address to serve the complaint and summons.

26. Sometime after May 11, 2018, the Plaintiff received a copy of the filed summons and complaint at her home address.

27. The Third Circuit Court of Appeals in *Kaymark v. Bank of America, N.A.* held that a formal complaint is considered communications in connection with the collection of a debt under the FDCPA, and must comply with the terms therein. Case No. 14-1816 (3d Cir. April 7, 2015).

28. At the time the complaint was mailed to the Plaintiff, Defendant was aware that Plaintiff was represented by counsel.

29. Although the Defendant was aware that Plaintiff was represented by counsel, Defendant proceeded to communicate, directly or indirectly, with the Plaintiff in connection with the collection of a debt.

30. Pursuant to 15 U.S.C. §1692c(a)(2) of the FDCPA, it is a violation for a debt collector to communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

31. The FDCPA defines the term "communicate" as the conveying of information regarding a debt directly or indirectly to any person through any medium.

32. The Defendant was never given consent from Plaintiff, Plaintiff's attorney, or a court of competent jurisdiction to contact or contact a third party to contact the Plaintiff, whom the Defendant knew was represented by an attorney.

33. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692c *et seq.***

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

36. The Defendants violated said section by:

    a. Communicating with a consumer in connection with the collection of a debt who was known to be represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY·**

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Awarding Plaintiff statutory damages;

    (b)    Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  July 2, 2018

By:         /s/ Ari Marcus
            Ari Marcus, Esq.
            MARCUS ZELMAN, LLC
            701 Cookman Avenue, Suite 300
            Asbury Park, New Jersey 07712
            Phone: (732) 695-3282
            Facsimile: (732) 298-6256
            Email: ari@marcuszelman.com
            *Attorneys for Plaintiff*