IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LORI LYNN HAGUE, | |
| Plaintiff, | Civil No. 18-11293 (RBK/AMD) |
| v. | **OPINION** |
| LYONS, DOUGHTY & VELDHUIS, PC, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion (Doc. 21) to Dismiss Plaintiff's Second Amended Complaint ("SAC") (Doc. 20). For the reasons detailed herein, Defendant's motion is GRANTED.

## I. BACKGROUND[1]

Some time prior to February 26, 2018, Plaintiff Lori Lynn Hague ("Plaintiff") incurred a debt to Capital One Bank (USA), N.A. ("Capital One"). (SAC ¶14.) This debt arose from a credit card that Plaintiff opened and used for personal, family, and household purposes including gas, groceries, and clothing. (*Id.* ¶¶15, 17.) Capital One contends that the debt is past due; in attempts to collect the debt, Capital One contracted with Defendant Lyons, Doughty, & Veldhuis, PC ("Defendant"), a debt collection company. (*Id*. ¶¶20–22.)

---

[1] On this motion to dismiss, the Court accepts as true the well-pleaded facts in the operative Complaint (Doc. 20) and construes them in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

1

On February 26, 2018, Plaintiff received a collection letter that was sent by Defendant in an attempt to collect the Capital One debt. (SAC ¶23.) On March 23, 2018, Plaintiff's counsel sent a letter of representation and dispute to Defendant. (*Id.* ¶24.) On May 11, 2018, Defendant filed a complaint on behalf of Capital One against Plaintiff, seeking judgement for the alleged amount due. (*Id.* ¶26.) Defendant provided the court with Plaintiff's home address to serve the complaint and summons. (*Id.* ¶27.) At some point after the complaint was filed, Plaintiff received a copy of the summons and complaint at her home address. Plaintiff's attorney received information from the Defendant regarding the debt on May 16, 2018. (*Id.* ¶25.) Plaintiff alleges the Defendant was aware that she was represented by counsel when it had the complaint mailed to her home, but nevertheless proceeded to communicate with her in connection with the collection of a debt. (*Id.* ¶¶28–29.)

On July 2, 2018, Plaintiff filed suit against Defendant in this Court, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by causing the Complaint to be mailed to her house. (Doc. 1.) On September 4, 2018, Plaintiff filed an Amended Complaint (Doc. 14), which this Court dismissed without prejudice on May 22, 2019. (Doc. 19.) On June 5, 2019, Plaintiff then filed her Second Amended Complaint ("SAC") (Doc. 20), which Defendant now moves to dismiss. (Doc. 21).

## II.   LEGAL STANDARD

When deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The Court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a complaint is sufficient if it contains enough

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether [a plaintiff] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims. *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id*.

## III. DISCUSSION

The FDCPA, 15 U.S.C. § 1692 et seq., "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp*., 568 U.S. 371, 374 n.1 (2013). It provides a cause of action to consumers who have been subject to "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To state a claim

under the FDCPA, a plaintiff must establish that "(1) she is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). The only disputed element here is (4), whether Defendant violated a provision of the FDCPA.

The specific provision of the FDCPA that Plaintiff claims Defendant violated is § 1692c(a)(2), which states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C.A. § 1692c(a)(2).

Plaintiff alleges that Defendant violated § 1692c(a)(2) by causing the complaint to be mailed to her home address, rather than having the New Jersey court mail the complaint to her counsel's address. Defendant argues that the SAC must be dismissed because an exception within the FDCPA permits a debt collector to effect service of process on a consumer represented by counsel. (Doc. 21-1 at 7.)

**A. Whether the Complaint Alleges Defendant Violated § 1692c(a)(2)**

To survive a motion to dismiss on a § 1692c(a)(2) claim, the plaintiff must allege that "(1) prior to the debt collector's communication with the plaintiff, the plaintiff was represented by counsel with respect to the debt owed to the creditor; and (2) the debt collector had actual knowledge that the plaintiff was represented by counsel with respect to the debt owed to the

creditor." *Vega v. United Recovery Sys., L.P.*, Civ. No. 11-5995, 2012 WL 458468, at *3 (D.N.J. 2012) (citing *Hubbard v. Nat'l Bond & Collection Assocs., Inc.*, 126 B.R. 422, 426 (D. Del.1991), *aff'd*, 947 F.2d 935 (3d Cir. 1991)).

In order for these factors to even apply, however, a plaintiff must first establish that there was a communication from the debt collector to the debtor. 15 U.S.C. § 1692c(a)(2). The Third Circuit has held that formal pleadings, including complaints, are communications under the FDCPA. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 177 (3d Cir. 2015), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019).

Once a communication has been established, the plaintiff must demonstrate "that the debt collector had actual knowledge of [plaintiff's] representation by counsel with respect to the debt prior to communicating with them in connection with the collection of that debt." *Ventura v. Collectcorp Corp.*, Civ. No. 11-4576, 2011 WL 4625365, at *2 (D.N.J. Sept. 30, 2011) (citing *Hubbard v. Nat'l Bond & Collection Assocs., Inc.*, 126 B.R. 422, 426 (D. Del.), *aff'd*, 947 F.2d 935 (3d Cir. 1991)). Actual knowledge that the plaintiff had an attorney "is not automatically imputed to the debt collector." *Id*. Therefore, on a motion to dismiss, the Court "must determine whether the assertions in Plaintiff's Complaint are sufficient to draw the reasonable inference that Defendant . . . knew that Plaintiff had retained counsel with respect to the debt in question." *Id.*

Here, the "communication" is the complaint that Defendant caused to be mailed to Plaintiff when it provided the court with Plaintiff's home address. (SAC ¶¶27–33.) Additionally, Defendant does not dispute that it received the letter of representation from Plaintiff's counsel, and thus had actual knowledge that Plaintiff was represented by counsel with respect to the alleged debt. (SAC ¶24; Doc. 21-1 at 4–5.) Therefore, the Court finds that the Plaintiff has sufficiently alleged that

5

there was a communication between the parties, and that, prior to the communication, Defendant had actual knowledge that Plaintiff was represented by counsel with respect to the debt owed.

## B. Whether Defendant's Violation Falls Under an Exception in § 1692c(b)

Although Plaintiff has sufficiently alleged the necessary elements for a claim under §1692c(a)(2), Defendant argues that its conduct falls under an exception in the FDCPA. (Doc. 21-1 at 7.) This exception permits communication directly with a debtor represented by counsel if (1) there is prior consent given to the debt collector by the debtor; (2) there is express permission of a court of competent jurisdiction; or (3) as reasonably necessary to effectuate a postjudgment judicial remedy. 15 U.S.C. § 1692c(b).

Defendant argues that the second exception—express permission of a court—applies. It argues this permission is provided by New Jersey Rules of Court 6:2-3(d)(1), which states, "[a] plaintiff or attorney shall submit to the clerk the mailing addresses of *parties* to be served and the appropriate number of copies of the summons and complaint" so that the court clerk can effect service of process "on *each defendant*" by mail. New Jersey Rules of Court 6:2-3(d)(1) (emphasis added). Defendant maintains that, reading the plain language of the rule, the word "parties" does not include an attorney who has not formally entered an appearance in the specific case, and instead refers to the individual parties. (Doc 24 at 5.) Defendant thus argues that, by providing the court with Plaintiff's personal address, it was simply complying with Rule 6:2-3(d)(1). (*Id.*)

Defendant asserts that its argument is further strengthened by New Jersey Rules of Court 1:5-1, which provides that "[i]n all civil actions, unless otherwise provided by rule or court order, orders, judgments, *pleadings subsequent to the original complaint* . . . shall be served upon all attorneys of record in the action and upon parties appearing pro se" (emphasis added). (Doc. 24 at 6.) Defendant asserts that, by only requiring pleadings *subsequent* to the original complaint to be

6

served on the attorney of record, the rule implies that the complaint itself may be served on the individual party. (Doc. 24 at 6.) Defendant argues that Rule 6:2-3(d)(1) and Rule 1:5-1 together provide express permission of a court to have the initial complaint mailed to a debtor-defendant herself, and thus meets the exception in the FDCPA.

Plaintiff makes two arguments in response: she argues that Rule 1:5-1 does not apply here because the underlying state court case was filed in the Special Civil Part of the Superior Court of New Jersey, to which only Rule 6 applies. She also argues that Defendant misinterprets Rule 6:2-3(d)(1), and the rule's phrase "mailing addresses of parties to be served" actually includes the parties' attorneys' addresses, and does not mandate service on the individual party's address. The Court addresses each argument in turn.

i. **Application of Rule 1:5-1**

Plaintiff contends that Defendant's reliance on Section 1:5-1 is improper because Rule 1, et seq., does not apply to lawsuits, such as the underlying one here, which were filed in the Special Civil Part of New Jersey State Court. (Doc. 23 at 10.) She claims that Rule 6:2-3 is the only rule that governs service of process in the Special Civil Part, since Rule 6:1-1, entitled 'Scope and Applicability of the Rules,' states in part: "The rules in Part VI govern the practice and procedure in the Special Civil Part." (*Id.*) She argues that Rule 6:1-1 thus implies that Rule 1, et seq., applies to all New Jersey courts except for the Special Civil Part. (*Id.*)

The Court disagrees with Plaintiff's analysis. Rule 1:1-1 reads, "Unless otherwise stated, the rules in Part I are applicable to the Supreme Court, *the Superior Court*, the Tax Court, the surrogate's courts, and the municipal courts" (emphasis added). The Special Civil Part is housed

in the Law Division of the Superior Court, and thus comes under the ambit of Rule 1, which explicitly applies to the Superior Court. *See* N.J. Ct. R. R. 4:3-1.[2]

Further, nothing Defendant relies on in Rule 1:5-1 contradicts any part of Rule 6:2-3. Rule 1:5-1 states that "pleadings subsequent to the original complaint . . . shall be served upon all attorneys of record in the action." Rule 6:2-3(d) states, a "plaintiff or attorney shall submit to the clerk the mailing addresses of parties to be served and the appropriate number of copies of the summons and complaint." In contra to Plaintiff's argument, these rules are not at odds with one another; rather, they seem to complement each other in that Rule 6:2-3(d) clarifies how an original complaint may be served. Thus, Plaintiff's argument that Rule 1, et seq., does not apply to cases in the Special Civil Part is incorrect, and Rule 1:5-1 may be considered in the overarching question of whether Defendant had express permission to have the complaint mailed to Plaintiff.

### ii. Application of Rule 6:2-3(d)(1)

The parties next dispute whether Rule 6:2-3(d)(1) provides "express permission of a court" within the meaning of the FDCPA. There is no universal definition for "express permission of a court;" trial courts have repeatedly grappled with this meaning, and the outcome in each case is heavily fact-dependent. *See, e.g., Spearman v. Tom Wood Pontiac-GMC, Inc.*, 2002 WL 31854892, at *3 (S.D. Ind. 2002) (stating that "the court rules that allow service of process on an individual might be considered express permission . . . for such a communication with the

---

[2] The Court also notes that a guide designed to assist lawyers proceeding in New Jersey State Court reports that:

> Procedure in the Special Civil Part is governed by:
> *Part I of the New Jersey Court Rules* (general rules) (N.J. R. 1:1-1 to 1:13-10).
> Select rules in Part IV of the New Jersey Court Rules (civil practice rules) (N.J. R. 4:1 and 6:3-1).
> Part VI of the New Jersey Court Rules (rules governing the Special Civil Part) (N.J. R. 6:1-1 to 6:12-4).

State Court Structure (NJ), Practical Law Practice Note w-000-1366 (emphasis added).

consumer," but declining to explain what is required for court rules to meet the "express permission" standard).

In *Palisades Collection, LLC v. Kuchinsky*, 2014 WL 7883575 (N.J. Super. Ct. App. Div. Feb. 18, 2015), the New Jersey Superior Court, Appellate Division found that the New Jersey Rules of Court 6:7-2 provided express permission for a debt collector to contact a debtor. The *Palisades* court found it significant that Rule 6:7-2 explicitly referred to the "judgment-debtor" individually in certain places and to the individual's attorney in others. *Id.* at *2. It found that, because of the differences in terminology, the rules intentionally referred to either the debtor or the debtor's attorney. Thus, where the rule stated "[a]n information subpoena may be served upon the *judgment debtor*," rather than "may be served upon the *attorney*," the court found that this language constituted express permission from a court to communicate with the individual debtor. *Id*. (emphasis added).

The Seventh Circuit in *Holcomb v. Freedman Anselmo Lindberg, LLC*, 900 F.3d 990 (7th Cir. 2018) also addressed a similar situation. Like Plaintiff here, the *Holcomb* plaintiff filed suit under § 1692c(a)(2), claiming that she was represented by an attorney at the time she was served by the defendant. *Id.* at 991. The *Holcomb* court held that the defendant's actions fell within the FDCPA's exception for communication with "express permission of a court," because service directly on the plaintiff complied with Illinois Supreme Court Rules. *Id.* at 992. The applicable Illinois court rule stated, "If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party." *Holcomb*, 900 F.3d at 992. The court noted that, although the debt collector knew the plaintiff had an attorney representing her in connection with her debt, the plaintiff's attorney was not yet her "attorney of record" in the case because no written appearance or other pleading had been filed with the Court. *Id.* at 993.

9

Since there was no "attorney of record" in the case, the defendant was permitted to contact the plaintiff directly in accordance with 1692c(b). *Id*. at 995.

The reasoning from *Palisades* and *Holcomb* is applicable here. As to phrasing within the rules, like Rule 6:7-2 from *Palisades*, Rule 6:2-3(d)(1) also references both parties and attorneys at different points. It states, "A plaintiff or attorney shall submit to the clerk the mailing addresses of parties to be served and the appropriate number of copies of the summons and complaint." Rule 6:2-3(d)(1) further states, "Mail service on *each defendant* shall be placed in separate envelopes by the clerk regardless of marital status or address." Although the same paragraph explicitly references a "plaintiff or attorney," when discussing a defendant, it only uses the words "parties" and "each defendant," rather than explicitly referencing the defendant's attorney.

Further, Rule 1:5-1 states that "pleadings subsequent to the original complaint . . . shall be served upon all attorneys of record in the action." Here, the rule could have stated "shall be served upon all parties in the action," but instead used the phrase "attorneys of record." This deliberate phrasing here suggests that "parties" in Rule 6:2-3(d)(1) does not necessarily refer to attorneys.

Additionally, like in *Holcomb*, the New Jersey Rules of Court also place emphasis on a party's "attorney of record." Rule 1:5-1 states that "pleadings subsequent to the original complaint . . . shall be served upon all attorneys of record in the action." Like the *Holcomb* plaintiff, here Plaintiff also did not yet have an official attorney of record in the state court case, because her attorney had not yet entered an appearance. And as Defendant points out, the Rule 1:5-1 requirement that pleadings *subsequent* to the original complaint be served on attorneys of record clearly implies that the original complaint may be served on an individual party, rather than attorney.

In arguing against these interpretations, Plaintiff heavily relies on a single case, *Washington v. Portfolio Recovery Assocs., LLC*, Civ. No. 14-3854, 2017 WL 2958250 (N.D. Ill. July 11, 2017). However, the facts from *Washington* are easily distinguishable from the situation here. In *Washington*, a court within the Northern District of Illinois held that Illinois court rules did not give a debt collector express permission to contact a represented debtor in a wage garnishment action. *Id.* The *Washington* debt collector relied on the Illinois court rule that stated, "[i]f a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service shall be made upon the party." *Id*. at *5. Like in *Holcomb,* the debt collector argued that this rule allowed it to directly contact the debtor, since the debtor had no attorney of record in the action. In *Washington*, however, the debtor was not even a party to the wage garnishment action – the action was formally only between the debt collector and the debtor's employer. Thus, the court found that this rule, which only addressed parties to an action, did not apply to the non-party debtor. The court thus found that, because the debt collector knew the debtor was represented by counsel, it should have sent the wage garnishment notice to the counsel's address rather than contacting the debtor directly.

The facts of *Washington* differ heavily from this case, most significantly in that the Plaintiff-debtor here is actually a party to the underlying action, and thus the New Jersey court rules applied to her, whereas the *Washington* debtor was not a party to the underlying action, and the Illinois court rules that could have granted permission consequently did not apply. Further, the communication at issue here is a complaint, while the communication in *Washington* was a notice, not a pleading, and thus governed by different rules than the complaint here.

Examining the phrasing in the applicable rules, along with the New Jersey state court's own interpretation of its rules in *Palisades*, where it found that its rules may provide express

permission of a court for FDCPA purposes, this Court finds that Defendant had the "express permission of a court of competent jurisdiction" to cause the original complaint to be mailed to the debtor's address. *See Palisades*, 2014 WL 7883575 at *2–3 (emphasizing that the wording of the New Jersey Rules of Court was intentionally chosen, and the included words should be given effect).

### iii. Conflict between FDCPA and New Jersey Rules of Court

Plaintiff alternatively argues that, if Rules 1:5-1 and 6:2-3(d) do provide permission for a debt collector to contact a represented debtor, they conflict with the FDCPA and may not be enforced. (Doc. 23 at 12–13.) This argument fails.

The FDCPA expressly contains an exception for court-permitted communication, and numerous courts have relied on this exception in finding that a communication to a represented debtor did not violate the FDCPA when it was permitted by court rules. *See, e.g., Forgues v. Carpenter Lipps & Leland LLP*, Civ. No. 16-2576, 2017 WL 4296188, at *6 (N.D. Ohio Sept. 28, 2017) (finding that Ohio Rules authorizing certain filings provided express permission for a debt collector to communicate with a debtor); *Stephens v. Manley Deas Kochalski, LLC*, Civ. No. 16-3845, 2016 WL 6804441, at *2 (E.D. Pa. Nov. 16, 2016) (finding that a debt collector did not violate the FDCPA because the Pennsylvania Rules of Civil Procedure provided express permission to contact the debtor); *Goldman v. Cohen*, Civ. No. 01-5952, 2004 WL 2937793, at *6 (S.D.N.Y. Dec. 17, 2004), *aff'd*, 445 F.3d 152 (2d Cir. 2006) (recognizing that "court rules allowing service of process on an individual" may constitute "express permission of a court" to contact a represented debtor).

The New Jersey Rules of Court here do not conflict with the FDCPA; rather, the specific rules addressed here provide the "express permission of a court of competent jurisdiction" contemplated by the exception in § 1692c.

## IV. CONCLUSION

Plaintiff has provided no convincing support for her argument that Rules 1:5-1 and 6:2-3(d) do not provide court permission for the initial complaint to be mailed to the debtor's address. Based on Plaintiff's own allegations in the Complaint, Defendant complied with the New Jersey Rules of Court for service by mail, and, moreover, Defendant then followed up with Plaintiff's attorney about the case several days later. (SAC ¶25.) Because Defendant's communication that forms the basis of Plaintiff's claim meets the "express permission of a court of competent jurisdiction" exception contained in § 1692c, the SAC will be dismissed.

Accordingly, Defendant's motion to dismiss (Doc. 21) is GRANTED. An accompanying Order shall issue.

Dated: 3/18/2020

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge